**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| JOESPH A. HOWELL, | Cause No. CV 05-012-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE MAHONEY, | |
| Respondent. | |

This matter comes before the Court on Petitioner Joesph A. Howell's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Howell is challenging the sentence he received after his August 21, 1991 conviction for sexual intercourse without consent and sexual assault. Petitioner was sentenced to 60 years in prison without the possibility of parole.

Howell contends that his sentence constitutes a death sentence since he was 42 years old at the time of sentencing. He alleges the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. He also contends he was denied due process of law when the trial court in sentencing relied upon facts gathered during Howell's enrollment in the Sexual Offender Treatment Program at Montana State Prison.

On November 18, 2005, the Court determined that Howell's

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

petition was subject to summary dismissal based upon both procedural default and for failure to file within the applicable statute of limitations. (Document 2). Accordingly, the Court required Howell to file a brief showing cause and prejudice, or in the alternative a fundamental miscarriage of justice excusing his procedural default. In addition, Howell was required to explain his failure to file his petition within the applicable limitations period.

1. Cause and Prejudice

The Court found that Howell's claims were procedurally barred because the Montana Supreme Court dismissed Howell's petition for post-conviction relief because it was untimely and thus barred under Mont. Code Ann. § 46-21-102 (1989).

"A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule.'" Pizzuto v. Arave, 280 F.3d 949, 975 (9th Cir. 2002) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). "Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Id.

In an attempt to explain the cause of his procedural default Petitioner claims he was denied meaningful access to the court in violation of Bounds v. Smith, 430 U.S. 817, 824-25

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

(1977). Specifically he argues that because the Montana State Prison, "does not have adequate Legal Assistance of Law Library" he could not comply with state court procedure.

Petitioner's conclusory statement that he did not have adequate legal assistance is insufficient to demonstrate cause to excuse the procedural default of Petitioner's claims. Petitioner does not specify the alleged deficiencies in the Montana State Prison library or how those deficiencies allegedly interfered with his ability to comply with the state's procedural rules. Petitioner's direct appeal was decided August 24, 1992. He then had five years to file a petition for post-conviction relief. He did not do so until May 16, 2004, twelve years after the decision in his direct appeal.

The Court notes however, that Petitioner did file a federal habeas petition on November 10, 1993 which was dismissed without prejudice. (Howell v. Montana State Prison, Civil Action No. 93-cv-156-CCL). This filing undermines Petitioner's claim that he could not timely file a state petition for post-conviction relief. Petitioner has failed to establish that for twelve years the Montana State Prison library was so wholly inadequate that he was unable to file his state court petition at an earlier date.

2. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

("AEDPA") establishes a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(2) provides a tolling period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Howell did not file the current petition for post-conviction relief until May 24, 2004, more than seven years after the federal statute of limitations ran. Absent tolling, the petition is untimely. AEDPA's one-year statute of limitations "may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F .3d 796, 799 (9th Cir.2003) (internal punctuation and citation omitted). Equitable tolling is the exception, not the rule. See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner must demonstrate that he exercised "due diligence" in order to merit tolling. Allen v. Lewis, 255 F.3d 798 (9th Cir. 2001); see also Valverde v. Stinson, 224 F.3d 129, 133 (2nd Cir. 2000) ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

filing.") The prisoner has the burden of establishing his entitlement to tolling. Miranda v. Castro, 292 F.3d at 1065.

Howell cannot establish that it was impossible for him to file a federal habeas petition on time since he filed a federal petition in 1993. Nevertheless, he contends that inadequate legal assistance, a limited education, his lack of knowledge of legal arguments, and his history of mental disorder constitute "extraordinary circumstances" that should justify equitable tolling. Howell's lack of knowledge is easily dismissed as the Ninth Circuit has found that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

While Howell mentions inadequate legal assistance and a history of mental disorder, he has not demonstrated how these conditions caused him to file his habeas petition seven years after the statutory deadline. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a "causal connection" between the alleged extraordinary circumstances and the failure to file a timely petition), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006).

Therefore, Howell has failed to demonstrate extraordinary circumstances sufficient to equitably toll the federal statute of limitations.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

That Howell's petition for writ of habeas corpus (Document 1) be **DISMISSED** based upon procedural default and failure to comply with the applicable statute of limitations.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Petitioner. Petitioner is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this document, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 15th day of November, 2006.

Jeremiah C. Lynch
United States Magistrate Judge