FILED
MISSOULA, MT

2006 DEC 22 AM 11 17

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JOSEPH A. HOWELL | ) | CV 05-012-M-DWM |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, | ) | |
| Respondent. | ) | |

Petitioner Joseph Howell filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Leif B. Erickson determined Howell's Petition was subject to summary dismissal based upon both procedural default and failure to file within the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations. 28 U.S.C. § 2244(d). Judge Erickson ordered Howell to file a brief showing cause and prejudice or a fundamental miscarriage of justice excusing his procedural default and explaining his failure to file his Petition within the applicable statute of limitations

period. Howell filed a brief on February 22, 2006. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on November 15, 2006, recommending dismissal of Howell's petition. Judge Lynch determined Howell had failed to show cause excusing the procedural default or extraordinary circumstances to toll AEDPA's statute of limitations. Howell timely objected to Judge Lynch's Findings and Recommendation on November 30, 2006.[1] Howell therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Howell first argues his claims are not procedurally barred, citing a recent opinion by the Montana Supreme Court. See Lott v. Montana, 2006 WL 3057561 (Mont. Oct. 27, 2006). In Lott, the Montana Supreme Court held the procedural bar in Montana's habeas statute relied on in the instant case was unconstitutional as applied to certain defendants. Id. at *6. Specifically, the bar is unconstitutional as applied to a "facially invalid sentence." Id. The court defined a facially invalid sentence as "a sentence which, as a matter of law, the court had no authority to impose." Id. As examples of facially invalid sentences, the court mentioned sentences that exceed the statutory maximum for the crime charged and sentences that violate the prohibition on double jeopardy. Id.

---

[1] Howell filed an addendum to his objections on December 14, 2006. Although the addendum is untimely, the Court will consider it in the interests of justice.

Howell challenges his sentence on two grounds. First, he claims the sentence (sixty-years imprisonment without the possibility of parole) violates the Eighth Amendment's prohibition against cruel and unusual punishment because it amounts to a life sentence for Howell who was forty-two years old at the time the sentence was pronounced. Second, Howell claims he was denied due process of law because the trial court relied upon facts gathered during his enrollment in a sexual offender treatment program in determining his sentence. Neither of these claims assert Howell's sentence is facially invalid as that term is defined in Lott. Howell does not claim the trial court lacked authority to impose the sentence it did. He does not claim a sentence of sixty-years imprisonment exceeds the statutory maximum for the crimes of conviction. Instead, Howell argues a sentence of sixty-years imprisonment is unconstitutional as applied to him because of his age and the factors that the trial court considered. These types of claims are not precluded from coverage under the procedural bar in Montana's habeas corpus statute by Lott. Accordingly, Howell's claims are procedurally barred.

Judge Lynch recommended dismissing Howell's Petition because Howell failed to show cause and prejudice or a fundamental miscarriage of justice excusing his procedural default or demonstrate exceptional circumstances to toll AEDPA's statute of

limitations. Specifically, Judge Lynch determined Howell's claims of inadequate legal assistance were conclusory and lacked a sufficient causal connection to his failure to file a timely Petition. In his objections, Howell attempts to strengthen his cause and extraordinary circumstances arguments with more specific information. Howell asserts the law library at the Montana State Prison has "minimal sets of Lawyer's Editions, Pacific Reporter's and Montana Case law books." He notes the library does not contain a copy of the volume of the U.S. Code containing AEDPA. Copies of that volume, however, can be ordered from the Montana Supreme Court library. Howell also asserts inmates' access to the library is limited to one hour per week, and inmates must request assistance from law clerks to get books pulled from the shelves.

Even with this additional information, Howell has failed to show cause excusing his delay. Howell had five years after the conclusion of his direct appeal to file his petition for post-conviction relief. Even if inmates are only permitted to use the law library for one-hour-per-week as Howell alleges, Howell would have had over 200 hours to file his petition for post-conviction relief. Howell, however, waited twelve years to file his petition. Moreover, although Howell asserts the Montana State Prison library's collection of legal materials is inadequate, inmates can request materials not held by the prison library from

the Montana Supreme Court. Howell has not alleged he requested materials that were not provided. In fact, Howell has not presented any evidence regarding efforts he made over the relevant twelve-year period to file his petition.

AEDPA establishes a one-year statute of limitations for federal habeas petitions. Howell filed his petition seven years after this statute of limitations ran. Even considering the additional allegations contained in Howell's objections, he has also failed to demonstrate extraordinary circumstances to warrant tolling of AEDPA's statute of limitations. To warrant tolling, a petitioner must demonstrate extraordinary circumstances beyond his control made it impossible to file a timely petition and due diligence in pursuing his claims. Spitsvn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006). Although conditions at the Montana State Prison library may have made filing a petition more difficult, Howell has failed to demonstrate timely filing was impossible. Howell filed his objections to Judge Lynch's Findings and Recommendation within fifteen days from issuance of the Findings and Recommendation. Howell's objections contain extensive citations to legal authority, including recent authority. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991) (determining no cause existed to excuse delay where petitioner's pleadings showed he had adequate access to and use of legal materials).

Additionally, Howell filed a federal habeas petition in 1993. These filings undermine any claim that complying with AEDPA's statute of limitations was impossible. Howell has also failed to demonstrate diligence in pursuing his claims. See Roy, 465 F.3d at 970 (concluding petitioner diligently pursued claims where he filed complaint with corrections ombudsman and federal lawsuit challenging prison library conditions). Howell has not presented any allegations regarding his efforts to file a timely petition. He has not stated the number of hours he spent in the prison library or indicated he was denied access to the library or its materials on any particular occasion. See Thomas, 945 F.2d at 1123.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Howell's petition for writ of habeas corpus is DISMISSED based upon procedural default and failure to comply with the applicable statute of limitations.

Dated this 22nd day of December, 2006.

Donald W. Molloy, Chief Judge
United States District Court